UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  1:17-cv-24146-KMW

RUTH E. CONRAD,

    Plaintiff,

vs.

THE DISTRICT BOARD OF TRUSTEES OF
MIAMI DADE COLLEGE, FLORIDA,

    Defendant.
_____/

## THE DISTRICT BOARD OF TRUSTEES OF MIAMI DADE COLLEGE'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW

Defendant, THE DISTRICT BOARD OF TRUSTEES OF MIAMI DADE COLLEGE ("MDC"), by and through undersigned counsel, pursuant to Federal Rule of Procedure 56 and Southern District of Florida Local Rule 56.1, hereby files this Motion for Summary Judgment and Memorandum of Law, and states:

*Introduction*

Plaintiff, who was employed at MDC as an instructor on an annual contract, received a notice of non-renewal allowing her contract to expire after a string of incidents in the same semester. The record conclusively establishes that Conrad engaged in insubordinate conduct. While this is a purported discrimination case based on her national origin (Dominican Republic) and age (54 years of age at all material times), Plaintiff has failed to establish the requisite requirements for a *prima facie case.* More importantly, MDC had legitimate, non-discriminatory reasons for the non-renewal that cannot be rebutted by any evidence of pre-text. Summary Judgment should be granted.

*Argument*

1.    Plaintiff's case is limited to the scope of the EEOC Charge and the Amended Complaint. Since Plaintiff co-filed her Charge of Discrimination with the EEOC and FCRA on October 23, 2015, her pre-December 29, 2014 allegations are time-barred under Title VII, and her pre-

Case 1:17-cv-24146-KMW   Document 37   Entered on FLSD Docket 10/05/2018   Page 2 of 17

*Conrad v. The District Board of Trustees of Miami Dade College, Florida*
*District Court Case No.: 1:17-cv-24146-KMW*
*Page 2*

October 23, 2014, allegations are time-barred under the FCRA. *See Abram v. Fulton County Government*, 598 Fed.Appx. 672 (11th Cir. 2015); *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002)(any alleged discriminatory or retaliatory acts must have occurred within 300 days of date the EEOC charge is filed in order to be considered timely). Moreover, any claim purportedly arising from a failure to hire, as opposed to the non-renewal of her annual contract, is also barred since it was not plead as a separate cause of action in the Amended Complaint or referenced in the EEOC charge. *See Fields v. Laboratory Corp. of America*, 2003 WL 25544257(S.D. Fla. May 29, 2003)(finding general allegations of discriminatory conduct is insufficient and a separate cause of action for failure to hire was necessary).

2.      Plaintiff has failed to establish a *prima facie* case of national origin discrimination as a matter of law because she cannot identify any comparator who was similarly situated in all relevant aspects and who was treated more favorably. *See Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). Conrad was the only instructor with an annual contract in the Social Science Department at the MDC Wolfson Campus who engaged in insubordination and was deemed uncoachable. Simply showing that Plaintiff was replaced by someone outside her protected class is insufficient. *Hale v. Mingledorff*, 2014 WL 7012772, at *13, n. 12 (N.D. Ga. 2014); *Eason v. Evans County Bd. of Com'rs*, 2013 WL 5674497, at *3 (S.D. Ga. 2013); *Gonzalez v. State of Florida Dep't of Mgmt. Services*, 124 F. Supp. 3d 1317, 1332 (S.D. Fla. 2015). A similarly situated employee must be responsible for similar job duties as well as engage in the same or substantially similar misconduct. *Holifield v. Reno*, 115 F.3d 1555, 1563 (11th Cir. 1997). Where the potential comparator identified by a plaintiff belongs to the same protected class as the plaintiff, the *prima facie* case fails. *Lewis v. Chattahoochee Valley Cmty. Coll.*, 136 F. Supp. 2d 1232, 1237 (M.D. Ala. 2001); *Yili Tseng v. Florida A&M Univ.*, 380 Fed. Appx. 908, 909-10 (11th Cir. 2010).

3.      Alternatively, Plaintiff cannot make a *prima facie* case of age discrimination by establishing that she was replaced by someone substantially younger. *Kragor v. Takeda Pharm. Am., Inc.*, 702 F.3d 1304, 1308-09 (11th Cir. 2012). There would have necessarily been a temporal proximity to her non-renewal and someone filling her faculty position for the Human Services and Addiction Studies courses. Over a year elapsed before Dr. Haestie, a Bahamian in his 50's was hired to teach those courses. In the meantime, various faculty members were scheduled to teach the different courses during the academic year preceding his hire. *Howard v.*

Case 1:17-cv-24146-KMW Document 37 Entered on FLSD Docket 10/05/2018 Page 3 of 17

*Conrad v. The District Board of Trustees of Miami Dade College, Florida*
*District Court Case No.: 1:17-cv-24146-KMW*
*Page 3*

*Roadway Exp., Inc,* 726 F.2d 1529, 1535 (11th Cir. 1984)(finding eleven months "significantly diminished the reliability" of the replacement as proof of the employer's discriminatory intent). More importantly, a *prima facie* case of age discrimination requires proof of "but-for" causation. *Gross v. FBL Fin. Services, Inc.*, 557 U.S. 167, 175-176 (2009); *Cardelle v. Miami Beach Fraternal Order of Police*, 593 Fed. Appx. 898, 902 (11th Cir. 2014). This record certainly does not establish but-for causation in light of the insubordination and Conrad being deemed uncoachable by MDC, further precluding a *prima facie* case of age discrimination as a matter of law. In fact,

4. Assuming *arguendo* that the Plaintiff can establish a *prima facie* case of discrimination and retaliation, the burden would shift to MDC to offer a legitimate, non-discriminatory reason for her separation. *Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 254–55 (1981). Conrad missed an Advisory Committee Meeting that she was responsible for and did not have the catering ordered through the appropriate College procedures in addition to having initially set the meeting without following the administration's instructions. She agreed to teach classes prior to a semester starting, and then insisted that she be paid more after the start of the semester when she was previously advised of the point allotment and given the option to not teach the extra courses. It appeared that Conrad was uncoachable when she was unwilling to accept the constructive criticism regarding the classroom observation despite the commendable faculty performance review. And, finally she disregarded Chapman's request to prepare a new override card in order to reflect the accurate date, only leaving him to handle the matter himself. These legitimate, non-discriminatory reasons serve to rebut any presumption of discrimination or retaliation. *Burdine*, 450 U.S. at 254-55; *Underwood v. Perry County Com'n*, 431 F.3d 788, 794 (11th Cir. 2005).

5. At the summary judgment stage, "the district court must evaluate whether the plaintiff has demonstrated such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997). "The Court will not second-guess an employer's reasonable assessments as to who is responsible when things go bad in business." *Price v. United Techs. Corp.*, 2000 WL 33538488, at *9 (S.D. Fla. 2000) (citing *Mitchell v. USBI, Co.*, 186 F.3d 1352, 1354 (11th Cir. 1999)). However, Plaintiff offers nothing more than self-serving and conclusory assertions of her

Case 1:17-cv-24146-KMW Document 37 Entered on FLSD Docket 10/05/2018 Page 4 of 17

*Conrad v. The District Board of Trustees of Miami Dade College, Florida*
*District Court Case No.: 1:17-cv-24146-KMW*
*Page 4*

own good performance arising that are insufficient to meet the ultimate burden of proving discrimination. *See Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996). Summary Judgment in this matter is appropriate.

## **MEMORANDUM OF LAW**

Rule 56 of the Federal Rules of Civil Procedure "mandates an entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotext Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In these instances, "there can be no 'genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 322-23. The movant bears the initial burden of asserting the basis for its motion. *Id*. at 323. "[T]he burden on the moving party may be discharged by 'showing' – this is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

"A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Dominguez v. Lake Como Club*, 520 Fed. Appx. 937, 939 (11th Cir. 2013) (citing Fed. R. Civ. P. 56(e); *Eberhart v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990)). If the nonmoving party's evidence is merely colorable, or is not significantly probative, summary judgment may be granted in favor of the movant. *See Celotex*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

Absent direct evidence of discrimination, a plaintiff may prove his or her case through circumstantial evidence using the familiar burden-shifting framework established in *McDonnell Douglas*. Under this framework, the plaintiff must initially establish a *prima facie* case of discrimination or retaliation. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The Florida Civil Rights Act ("FCRA") is modelled after Title VII and the Age Discrimination in Employment Act ("ADEA"), and decisions construing Title VII and the ADEA are applicable to claims under the FCRA. *Jiles v. United Parcel Serv., Inc.*, 360 Fed. Appx. 61, 63 (11th Cir. 2010) (citing *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998)); *Valdez v. Miami-Dade Coll.*, 436 Fed. Appx. 843, 845 (11th Cir. 2012); *see also Zaben V. Air Prods. & Chems., Inc.*, 129 F.3d 1453, 1455 n. 2 (11th Cir. 1997).

Case 1:17-cv-24146-KMW Document 37 Entered on FLSD Docket 10/05/2018 Page 5 of 17

*Conrad v. The District Board of Trustees of Miami Dade College, Florida*
*District Court Case No.: 1:17-cv-24146-KMW*
*Page 5*

If an employee is able to establish a *prima facie* case of discrimination, the employer is then offered the opportunity to rebut the employee's claims by establishing legitimate, nondiscriminatory reasons for the adverse action. *Burdine*, 450 U.S. at 254-55; *Underwood*, 431 F.3d at 794. If the employer meets its burden of production in offering a legitimate, non-discriminatory reason, then the presumption is rebutted and the burden of production shifts back towards the plaintiff "to introduce significantly probative evidence showing that the asserted reason is merely a pretext for discrimination." *Underwood*, 431 F.3d at 794 (internal quotes omitted); *see also Brown v. Alabama Dept. of Transp.*, 597 F.3d 1160, 1174 (11th Cir. 2010).

## I. Discriminatory Acts are Limited to the Scope of the Administrative Charge and Amended Complaint

It has long been established that the scope of a judicial complaint is defined by the scope of the EEOC investigation that "'can reasonably be expected to grow out of the charge of discrimination.'" *Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 169 (11th Cir. 1988) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)).[1] "Although judicial complaints do not necessarily have to be mirror images of earlier administrative complaints, allegations of new acts of discrimination that are offered as the essential basis for judicial review must nonetheless be presented to the agency." *Basel v. Sec'y of Defense*, 507 Fed. Appx. 873, 876 (11th Cir. 2013) (citing *Ray v. Freeman*, 626 F.2d 439, 442–43 (5th Cir. 1980)).

Prior to bringing a lawsuit under Title VII, a plaintiff must exhaust his or her administrative remedies and file a charge with the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e–5(e); *H&R Block E. Enters., Inc. v. Morris*, 606 F.3d 1285, 1295 (11th Cir. 2010). Title VII and the FCRA each require a plaintiff to file a charge of discrimination with the EEOC before filing suit in the district court. *See Abram v. Fulton County Government*, 598 Fed.Appx. 672 (11th Cir. 2015). In deferral states, such as Florida, a plaintiff must file the charge with the EEOC "within 300 days after the alleged unlawful employment practice occurred. . ." 42 U.S.C. § 2000e-5(e)(1). Claims under the FCRA are subject to a 365-day statute of limitations. Fla.Stat. § 760.11(1) (2015). "A claim is time barred if not filed within

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Case 1:17-cv-24146-KMW   Document 37   Entered on FLSD Docket 10/05/2018   Page 6 of 17

*Conrad v. The District Board of Trustees of Miami Dade College, Florida*
*District Court Case No.: 1:17-cv-24146-KMW*
*Page 6*

these time limits." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002); *see also E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002)(any alleged discriminatory or retaliatory acts must have occurred within 300 days of date the EEOC charge is filed in order to be considered timely).

Since Plaintiff co-filed her Charge of Discrimination with the EEOC and FCRA on October 23, 2015, her pre-December 29, 2014 allegations are time-barred under Title VII, and her pre-October 23, 2014, allegations are time-barred under the FCRA. *See* D.E. #1 at p.5. In her Amended Complaint and in deposition, Plaintiff made numerous references to allegedly discriminatory acts that occurred as far back as 2009, and yet only filed her discrimination charge with the EEOC/FCHR on October 23, 2015 until after her 2014-2015 annual contract expired. *See* D.E. #36 (SUMF) at ¶¶27-30. In 2009, Conrad was a part-time adjunct faculty member. *See* D.E. #36 at ¶1. Then, she was offered a one-year full-time faculty position in August 2013 for the academic year of 2013 through August 2014. *Id.* In August 2014, Plaintiff was offered another one-year full time faculty position expiring in August 2015. *Id.* Her employment ended on August 1, 2015. *Id.* Examples of alleged discriminatory acts being outside the timeliness of the scope of the charge are: claims that she was not given resources, her events were not publicized as much, an alleged inappropriate rubbing on the shoulder or sexual harassment, excessive work, and a comment referring to her as "Elegua" which apparently is a santeria reference to people dressed in red. *See* D.E. #36 at ¶30. These acts should be all time-barred because they occurred prior to August/December 2014.

To the extent that Plaintiff attempts to argue that the Court should consider acts occurring before August/December 2014 because they constitute continuing violations of her civil rights, such an extension would be an error in the application of the law. "Discrete discriminatory acts are not actionable if time barred, even when they are related to timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Morgan*, 536 U.S. at 113. Courts have found the continuing violations doctrine inapplicable in situations where the plaintiff does not raise a hostile-work environment claim and bases the claim on discrete acts of alleged discrimination. *See Abram*, 598 Fed.Appx. at 676 (continuing violations doctrine inapplicable where plaintiff did not raise a hostile-work-environment claim and all of her claims raised separate instances of the defendant's failure to grant her requested accommodations); *Ledbetter v. Goodyear Tire and Rubber Co.*, 421 F.3d 1169, 1178 (11th Cir.

Case 1:17-cv-24146-KMW   Document 37   Entered on FLSD Docket 10/05/2018   Page 7 of 17

*Conrad v. The District Board of Trustees of Miami Dade College, Florida*
*District Court Case No.: 1:17-cv-24146-KMW*
*Page 7*

2005) (discriminatory pay-setting decisions were discrete acts); *Varnado v. Mukasey*, No. 08-61331, 2010 WL 2196263 at * 2 (S.D. Fla. June 1, 2010) (biased evaluation, placement on performance improvement plan, and failure to promote were all discreet acts of discrimination and not part of a continuing violation).

Plaintiff's claims for discrimination include multiple incidents beginning well before the statutory limitations period; therefore, the continuing violations doctrine does not apply. She has also failed to allege a hostile work environment claim and her time through March 14, 2018 expired to amend the complaint. [D.E. #14]. Thus, any reference to acts that occurred prior to October 23, 2014 that are unrelated to her employment under the annual contract executed in August 2014 are not actionable. *See Joe's Stone Crabs, Inc.*, 296 F.3d at 1271; *Goodluck*, 733 F. Supp. 1479.

Importantly, Plaintiff's EEOC Charge and Amended Complaint only claim discrimination based on the adverse employment action of a "non-renewal" of Conrad's contract. *See* D.E. #1 at p.5; *see also* D.E. #11 at ¶15, 18, 21. The Amended Complaint only specifies that Conrad was discriminated against based on the terms and conditions of her employment and "termination." *Id.* at ¶18 and 21. Nowhere in the Amended Complaint or EEOC charge is there any reference to Plaintiff applying for additional positions at MDC and not being hired for discriminatory reasons. *See* D.E. #1 at p.5; *see also* D.E. #11 at ¶15, 18, 21. Furthermore, the EEOC Charge specifically claims that the latest date of discrimination took place "8-01-15", the date her employment with MDC ended. *Id.*; *See* D.E. #36 at ¶1, 17. Therefore, any attempt to supplement the scope of the charge or amend her pleading with a "failure to hire" claim must be barred despite her testimony that she was denied employment for other positions. *See* D.E. #36 at ¶¶24-26. *See Fields v. Laboratory Corp. of America*, 2003 WL 25544257(S.D. Fla. May 29, 2003)(finding general allegations of discriminatory conduct is insufficient and a separate cause of action for failure to hire was necessary); *Harris v. Atlanta Indep. Sch. Sys.*, 1:07-CV-2086-RWS/AJB, 2009 WL 10665027, at *20 (N.D. Ga. Aug. 9, 2009)(alleged discriminatory actions were not properly before the court since plaintiff failed to plead the cause of action); *see also Clymer v. Caterpillar, Inc.*, 2011 WL 13217001, at *12 (S.D. Fla. Aug. 24, 2011).

**II.    Plaintiff Has Failed to Establish a *Prima Facie* Case of Discrimination**

    **A.    *National Origin***

Case 1:17-cv-24146-KMW Document 37 Entered on FLSD Docket 10/05/2018 Page 8 of 17

*Conrad v. The District Board of Trustees of Miami Dade College, Florida*
*District Court Case No.: 1:17-cv-24146-KMW*
*Page 8*

To establish a *prima facie* case of national origin discrimination under Title VII and the FCRA, Plaintiff must establish that (1) she belongs to a protected class; (2) she was qualified for the position of a full-time faculty member; (3) she was subjected to an adverse employment action; and (4) similarly situated employees outside of her protected class were treated more favorably. *See Crawford*, 259 F.3d at 970. "In determining whether comparator employees were similarly situated, the district court should consider whether they were involved in… the same or similar misconduct and disciplined differently." *Simionescu v. Bd. of Trustees of Univ. of Alabama*, 482 Fed. Appx. 428, 431 (11th Cir. 2012) (citing *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999)). "The comparator must be nearly identical to the plaintiff to prevent the courts from second-guessing a reasonable decision by the employer." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004); *see also Holifield*, 115 F.3d at 1563; *Wooten v. Bd. of Trustees, Fla. A & M Univ.*, 426 F. Supp. 2d 1261, 1264–65 (N.D. Fla. 2006); *Gaston v. Home Depot USA, Inc.*, 129 F. Supp. 2d 1355 (S.D. Fla. 2001) *aff'd sub nom. Gaston v. Home Depo USA, Inc.*, 265 F.3d 1066 (11th Cir. 2001) (employees that do not report to the same supervisor and are not subject to "the same standards governing performance evaluation and discipline" are not appropriate comparators); *Ramsay v. Broward County Sheriff's Office*, 2008 WL 111304 (S.D. Fla. 2008) *aff'd,* 303 Fed. Appx. 761 (11th Cir. 2008) (employee who did not hold the same position as plaintiff and did not engage in similar misconduct was not an appropriate comparator); *Derasmo v. City of Gainesville*, 1998 WL 798639 (N.D. Fla. 1998) (plaintiff fails to identify similarly situated comparator when he cannot identify any employee who performed functions of the same or substantially similar type, requiring equal skills, efforts and responsibilities).

Here, as a matter of law, Plaintiff has failed to identify similarly situated comparators in all related aspects. First, there is record evidence to support that no other faculty member in the Social Sciences Department engaged in insubordinate conduct nor was deemed uncoachable by the administration. *See* D.E. #36 at ¶¶18-19. No faculty member missed an Advisory Committee Meeting and failed to follow proper procedure. *Id.* at ¶¶10-13. No one agreed to teach courses and then disputed the point allotment after it was too late to hire adjuncts. *Id.* at ¶¶4-6. There was no other individual who disputed an overall "Commendable" performance and was not receptive to the Chairperson's constructive criticism. *Id.* at ¶¶7-9. Finally, no other faculty member

Case 1:17-cv-24146-KMW   Document 37   Entered on FLSD Docket 10/05/2018   Page 9 of 17

*Conrad v. The District Board of Trustees of Miami Dade College, Florida*
*District Court Case No.: 1:17-cv-24146-KMW*
*Page 9*

ignored the request of the Chairperson to submit a properly signed and timely dated override card. *Id.* at ¶¶14-15.

Simply showing that the Plaintiff was replaced by someone outside the Plaintiff's protected class is not sufficient to make out a *prima facie* case. *Hale*, 2014 WL 7012772, at *13, n. 12 (showing that plaintiff was replaced by a Caucasian female did not establish a *prima facie* case without additional showing of similar misconduct); *Gonzalez*, 124 F. Supp. 3d 1317, 1332 (simply presenting evidence that Plaintiff was replaced by someone outside the protected class "is not enough to conclusively establish that Plaintiff was replaced or treated less favorably than someone similarly situated outside of [her] protected class"). "In determining whether employees are similarly situated… it is necessary to consider whether the employees are involved in or accused of the same or similar misconduct and are disciplined in different ways." *Maniccia*, 171 F.3d at 1368 (internal quotations omitted). Here, they were not.

Conrad claims that other faculty members of the Social Sciences Department were treated more favorably because their events were promoted better. *See* D.E. #36 at ¶31.[2] Specifically, she identified Dr. Igor Belokon who was on a continuing contract with MDC. *Id.* at ¶20. Dr. Belokon, who also had a Psy.D., not just a Master's degree like Plaintiff. *Id.* He was born in Uzbekistan and was 47 years old at the material time. *Id.* at ¶20, fn.7. Likewise, Dr. Carmen Lopez, identified as another faculty member who was treated differently, was born in Cuba. *Id.* The adjunct that Conrad claims taught one of her Human Services courses, Frandley Defilie, was also a foreigner, Haitian. See D.E. #36 at ¶22, fn. 8.

Based on prior Eleventh Circuit precedent, in a scenario where the professor who was allegedly treated more favorably is a fellow foreigner, according to the Court this "hardly supports a conclusion that [the employer] acted out of animus toward foreigners or foreign

---

[2] Arguably, the lack of promoting one's events falls short of any adverse action that affects the material terms and conditions of Conrad's employment. . *See Barnett v. Athens Reg'l Med. Ctr. Inc.*, 550 Fed. Appx. 711, 715 (11th Cir. 2013) *cert. denied,* 134 S. Ct. 2312 (2014); *Butler v. Alabama Dept. of Transp.*, 536 F.3d 1209, 1216 (11th Cir. 2008); *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1242 (11th Cir. 2001). "An employee who receives criticism or a negative evaluation may lose self-esteem and conceivably may suffer a loss of prestige in the eyes of others who come to be aware of the evaluation. But the protections of Title VII simply do not extend to everything that makes an employee unhappy." *Town of Lake Park, Fla.*, 245 at F.3d 1242.

Case 1:17-cv-24146-KMW   Document 37   Entered on FLSD Docket 10/05/2018   Page 10 of 17

*Conrad v. The District Board of Trustees of Miami Dade College, Florida*
District Court Case No.: 1:17-cv-24146-KMW
Page 10

accents." *Yili Tseng v. Florida A&M Univ.*, 380 Fed. Appx. 908, 909-10 (11th Cir. 2010). Importantly, where a potential comparator identified by a plaintiff, who allegedly received more favorable treatment, belongs to the same protected class as the plaintiff, the *prima facie* case fails as a matter of law. *Lewis*, 136 F. Supp. 2d at 1237 (granting summary judgment in favor of the employer on plaintiff's gender discrimination claims because the comparators identified by the plaintiff were also female). Given, that Dr. Belokon, Dr. Lopez, and Defilie are all foreigners of different national origins, like Plaintiff, they are eliminated as comparators. The remaining alleged faculty members identified who were treated better by having their events promoted more are Nazira Barry and Dr. Angee, both of whom Conrad concedes had seniority and were on continuing contracts unlike her job duties. *See* D.E. #36 at ¶20. Plaintiff's prima facie case fails because she is unable to identify a valid comparator based on national origin who was similarly situated and treated favorably.

  **B.**  **Age**

Likewise, the plaintiff's age discrimination claim should fail. While Plaintiff brought her age discrimination claim under the FCRA, both state and federal courts have held that [f]ederal case law interpreting Title VII and the ADEA applies to cases arising under the [Florida Act]." *Diaz v. AIG Marketing, Inc.*, 396 Fed.Appx. 664, 666 (11th Cir. 2010)(citing *Hollywood v. Hogan*, 986 So.2d 634 (Fla. 4th DCA 2008). To establish an age discrimination claim, the plaintiff muse establish, by a preponderance of the evidence, that age was the "but-for" cause for the adverse employment action. *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 177-78 (2009).[3] Plaintiff must therefore establish that she would not have received a notice of non-renewal if not for her age. *Id*. However, the record evidence overwhelmingly establishes that the motivation for the decision to not renew her annual contract was because she engaged in insubordination in the Spring of 2015. *See supra.*

  But first, Plaintiff must show a prima facie case of age discrimination by showing that (1) she was between the ages of forty and seventy; (2) "she was subject to adverse employment action;" (3) "a substantially younger person filled the position that she sought or from which she was discharged;" and (4) "she was qualified to do the job for which she was rejected." *Damon v. Fleming Supermarkets of Florida*, 196 F.3d 1354, 1359 (11th Cir. 1999).

---

[3] By Plaintiff's own admission at deposition, she testified that age was not the only basis for discrimination, but "one of the reasons". *See* D.E. #36 at ¶34.

Case 1:17-cv-24146-KMW Document 37 Entered on FLSD Docket 10/05/2018 Page 11 of 17

*Conrad v. The District Board of Trustees of Miami Dade College, Florida*
*District Court Case No.: 1:17-cv-24146-KMW*
*Page 11*

MDC does not dispute that Conrad's age was within the protected age class at 54 years of age. However, despite Plaintiff's contention, the record supports that a substantially younger person did not fill her position and Plaintiff was no longer qualified for the position. As a result of the series of incidents that occurred in Spring of 2015, rendering her uncoachable and insubordinate, it made her unqualified to be employed at MDC as a faculty member. *See* D.E. #36 at ¶¶4-19. She also did not have a doctoral degree which was a hiring preference. *Id.* at ¶24. After Conrad's contract came to an end, some of the classes she taught were distributed among the faculty members, including adjuncts. *Id.* at ¶22. Certainly, the fact that Conrad's faculty line for the Human Services and Addiction Studies program after she left remained vacant for the 2015-2016 academic year defeats Plaintiff's theory that she was replaced. Instead, her position was filled by Dr. Samuel Haestie (Bahamian in his 50's) over a year after the non-renewal for the 2016-2017 academic year. *Id.* at ¶23. Dr. Behbahani was not hired in 2015 to teach Conrad's Human Services and Addiction Studies courses, but rather she filled the spot for Jeanine Echemendia for the Fall 2015 semester. *Id.* at ¶26.

The prima facie case fails because of the length of time it took to "replace" Plaintiff as it demonstrates a lack of temporal proximity between the employment actions. The Eleventh Circuit Court held in *Howard v. Roadway Exp., Inc.,* that a lapse in time of eleven (11) months between the adverse employment action and the replacement (1) called into question whether the "replacement" "did in fact fill the position to which [the plaintiff] had applied," and (2) "significantly diminish[ed] the reliability of the subsequent hiring as an indicator of [the defendant's] intent at the time it rejected [the plaintiff's] application." 726 F.2d 1529, 1535 (11th Cir. 1984). If eleven months "significantly diminished the reliability" of the replacement as proof of the employer's intent, then a matter of a year all but extinguishes probative value. *See also de Arce v. District Board of Trustees of Miami-Dade College*, 2013 WL 4773391 at *5-*6 (S.D. Fla. 2013)(finding that the plaintiff's stated replacement was not in fact her replacement when (1) plaintiff was terminated on March 2009, (2) other professors taught her classes in the interim, (3) the stated replacement began teaching one of her former classes on April 2010, and (4) plaintiff asserted the stated replacement "appeared to be" in her thirties); *see also Thompson v. Bishop State Cmty. Coll.*, CIV.A. 1:10-246-KD-B, 2011 WL 1464846, at *5 (S.D. Ala. Apr. 15, 2011) (finding that if the employer is not making any efforts to fill the position for a long enough

Case 1:17-cv-24146-KMW Document 37 Entered on FLSD Docket 10/05/2018 Page 12 of 17

*Conrad v. The District Board of Trustees of Miami Dade College, Florida*
*District Court Case No.: 1:17-cv-24146-KMW*
*Page 12*

period of time after a termination, there is not a causal connection). As such, summary judgment on Plaintiff's age discrimination claim should be granted.

**III.   Legitimate Employment Reasons Existed for Plaintiff's Non-Renewal in 2015 That Cannot be Rebutted by Pretext**

Assuming, *arguendo*, that Plaintiff could establish a *prima facie* case for discrimination MDC would bear the burden to advance legitimate, nondiscriminatory reasons for Plaintiff's non-renewal. *See Burdine*, 450 U.S. at 254–55; *Underwood*, 431 F.3d at 794. MDC does not have to establish that it was actually motivated by these reasons; instead, MDC need only articulate one or more reasons for taking the adverse employment action. *Brown v. Alabama Dept. of Transp.*, 597 F.3d 1160, 1174 (11th Cir. 2010). Once MDC offers legitimate, nondiscriminatory reasons for Plaintiff's non-renewal, the burden of production shifts back to Plaintiff to offer evidence that the proffered reasons for the termination were a pretext for discrimination. *See Brown*, 597 F.3d at 1174; *Underwood*, 431 F.3d at 794.

Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it. *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000); *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1187 (11th Cir. 1984) ("The employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or no reason at all, as long as its action is not for a discriminatory reasons."). "An employer's good faith belief that an employee's performance is unsatisfactory constitutes a legitimate nondiscriminatory reason" for adverse employment action. *Clark v. Coats & Clark, Inc.*, 990 F.2d 1217, 1228 (11th Cir. 1993); *see also Kincaid v. Bd. of Trustees*, 188 Fed. Appx. 810, 816 (11th Cir. 2006); *Derasmo*, 1998 WL 798639 (an employee's poor knowledge of basic skills, failure to take direction or constructive criticism, and policy violations were legitimate, nondiscriminatory reasons for adverse employment action). "Federal courts do not sit as a super-personnel department that reexamines an entity's business decisions… Rather, [the] inquiry is limited to whether the employer gave an honest explanation of its behavior." *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991). "Conclusory allegations of discrimination, without more, are insufficient to raise an inference of pretext." *Kincaid*, 188 Fed. Appx. at 816.

Case 1:17-cv-24146-KMW   Document 37   Entered on FLSD Docket 10/05/2018   Page 13 of 17

*Conrad v. The District Board of Trustees of Miami Dade College, Florida*
*District Court Case No.: 1:17-cv-24146-KMW*
*Page 13*

In the Spring of 2015, it became clear to Dean Ploetz that Conrad would not best represent MDC as a faculty member since she engaged in insubordinate conduct and appeared to be uncoachable. *See* D.E. #36 at ¶18-19. Her recommendation to not renew the annual contract to the Campus President, Dr. Vicente, was supported and he made the final decision. *Id.* The initial concerning event included Plaintiff's manner in which the dispute of the points occurred. *Id.* at ¶4-6. She agreed to teach the courses after having been placed on notice that the low-enrolled courses are awarded less points as a result of the CBA. *Id.* It was not until after the semester started that she raised the issue when adjuncts could have been hired instead. *Id.* Conrad wanted MDC to honor extra points that may have been erroneously given in a previous academic year despite such a practice not being consistent with the CBA.*Id.* at ¶5-6.

Next, Conrad took issue with the "commendable" Faculty Performance Review which was not construed as a negative evaluation by the Dean. *Id.* at ¶7-8. She received a one point deduction in "Teaching and Learning" because during the classroom observation, Chapman noted that there was no clear learning objective and had a fast rate of speech by quickly going through the slides toward the end. *Id.* Since she did not accept the constructive observation made by her supervisor, the Dean was called to explain to Conrad the procedure and the Plaintiff could file an addendum. *Id.* at ¶9.

Having effective communication skills including the clarity of presentation is important when teaching students. *Id.* at ¶7. For example, an employee's heavy accent can be a legitimate basis for adverse employment action where effective communication skills are reasonably related to job performance. *See Gonzalez v. Dep't of Management Services*, 124 F.Supp. 3d 1317 (S.D. Fla. 2015)*, aff'd*, 683 Fed.Appx. 738 (11th Cir. 2017), *Yili Tseng v. Florida A&M Univ.*, 380 Fed.Appx. 908, 909 (11th Cir. 2010). An occasional remark by a supervisor about an employee's "fast speech" is insufficient to raise an inference of national origin discrimination. *See Ekokotu v. Federal Exp. Corp.* 523 Fed. Appx. 629, 632 (11th Cir. 2013)(affirming summary judgment on national origin claim). Simply put, testimony of Chapman referencing Conrad's speech, does not create any evidence of discriminatory animus and there was a legitimate basis for that kind of commentary given Conrad's position as an instructor for MDC.

Another incident where she failed to meet the administration's expectations is when Conrad called in sick the day before the Addiction Studies Advisory Committee Meeting with the Campus President in attendance and leaving Chapman to scramble by preparing for the

Case 1:17-cv-24146-KMW   Document 37   Entered on FLSD Docket 10/05/2018   Page 14 of 17

*Conrad v. The District Board of Trustees of Miami Dade College, Florida*
*District Court Case No.: 1:17-cv-24146-KMW*
*Page 14*

meeting and ordering the food which should have been completed. *See* D.E.#36 ¶ 10-13. Not only was her lack of attendance and food preparation at issue here, but Conrad had failed to consult with the Campus President's Office prior to setting the initial meeting which Dean Ploetz advised her to reschedule. *Id.*

Finally, the last incident involved Plaintiff submitting the override card more than two months into the semester with the student's signature showing an earlier date of January. *Id.* at ¶14-15. Setting aside the untimeliness of the submission to Chapman, Plaintiff disregarded Chapman's request for her to prepare a new override card. *Id.* Ultimately, the Chairperson had to personally walk the override card to the appropriate College officials in order to avoid any issue for the student trying to be enrolled in the class. *Id.* The record evidence clearly articulates legitimate, nondiscriminatory reasons for Plaintiff's non-renewal that would motivate a reasonable employer. *See Brown*, 597 F.3d at 1174; *Chapman*, 229 F.3d at 1030; *Nix*, 738 F.2d at 1187. Plaintiff is therefore required to meet those reasons head on and rebut them. *Id*.

The inquiry into pretext centers upon the employer's beliefs, and not the employee's own perceptions of her performance. *Holifield*, 115 F.3d at 1565. Thus, where an employer presents documentary evidence of misconduct proving its assertions of poor performance, "an employee's assertions of his own good performance are insufficient to defeat summary judgment, in the absence of other evidence." *Id*. Such self-serving and conclusory assertions are insufficient to meet the ultimate burden of proving discrimination. *See Mayfield*, 101 F.3d at 1376 ("[c]onclusory allegations of discrimination, without more, are not sufficient to raise an inference of pretext or intentional discrimination where an employer has offered ... extensive evidence of legitimate, non-discriminatory reasons for its actions"). At the summary judgment stage, "the district court must evaluate whether the plaintiff has demonstrated such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Combs*, 106 F.3d at 1538.

This is especially true in cases where the individuals taking adverse action belongs to the same protected class as the plaintiff. *Walker v. Fulton County Sch. Dist.*, 2014 WL 11279374, at *10 (N.D. Ga. 2014), *aff'd sub nom.* 624 Fed. Appx. 683 (11th Cir. 2015) (citing *United States v. Crosby,* 59 F.3d 1133, 1135 n.4 (11th Cir. 1995)). In such a case, Plaintiff must present evidence that the decision-maker held members of his or her own protected class to a higher standard of

Case 1:17-cv-24146-KMW   Document 37   Entered on FLSD Docket 10/05/2018   Page 15 of 17

*Conrad v. The District Board of Trustees of Miami Dade College, Florida*
District Court Case No.: 1:17-cv-24146-KMW
Page 15

conduct than members of another class. *Id*. The fact that the decision-maker and employee belong to the <u>same</u> protected class significantly undermines the possibility that age could be the factor. *Id*. Dr. Vicente was 60 years old, Dr. Ploetz was 48 years old, and Conrad was 54 years old. *See* D.E. #36 at ¶1, 3, fn.3-4. This makes the decision-makers and the Plaintiff all within the same protected age class and should undermine the possibility for age to be a factor for the decision to not renew her annual contract.

More importantly, there is no discriminatory animus in the record by Dean Ploetz or Campus President Vicente. *See* D.E. #36 at ¶21, 29. In fact, there is no evidence to establish that either the Dean or Campus President knew Plaintiff's national origin or age. Plaintiff specifically attributes the alleged discriminatory conduct by Dr. Vasquez-Hernandez and Chairperson Chapman. *Id.* at ¶28; *see Rojas v. Florida*, 285 F.3d 1339, 1342 (11th Cir. 2002) (rejecting employee's argument that a supervisor's purportedly discriminatory comment to another employee as sufficient to raise an inference of pretext as the employee lacked any other supporting evidence); *see also Jolibois v. Florida Intern. Univ. Bd. of Trustees*, 654 Fed.Appx. (11th Cir. 2016)(affirming summary judgment against tenured state professor with conclusory assertions of a clandestine plan to document poor performance in an effort to eliminate an employee are insufficient to raise an inference of pretext). However, both of these individuals did not have the decision-making authority over Conrad's annual contract. *Id.* at ¶3, fn.2. Dean Ploetz either participated, had knowledge, or investigated the conflicts that were occurring in the Spring of 2015 between Chapman and Conrad as well as the faculty members who were not accustomed to his supervisory style. *Id.* at ¶5, 32. In light of the record evidence, no pre-text can be established by Plainitiff. Summary judgment should be granted.

WHEREFORE, the Defendant, THE DISTRICT BOARD OF TRUSTEES OF MIAMI DADE COLLEGE, respectfully requests this Court grant its Motion for Summary Judgment and Memorandum of Law, and other relief deemed appropriate.

Case 1:17-cv-24146-KMW   Document 37   Entered on FLSD Docket 10/05/2018   Page 16 of 17

*Conrad v. The District Board of Trustees of Miami Dade College, Florida*
*District Court Case No.: 1:17-cv-24146-KMW*
*Page 16*

I hereby certify that on this 5th day of October, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    MARRERO & WYDLER
    Counsel for Defendant MDC
    Douglas Centre, PH-4
    2600 Douglas Road
    Coral Gables, FL 33134
    (305) 446-5528
    (305) 446-0995 (fax)

    BY _/s/ Lourdes Espino Wydler_____
        OSCAR E. MARRERO
        F.B.N.: 372714
        oem@marrerolegal.com
        LOURDES ESPINO WYDLER
        F.B.N.: 719811
        lew@marrerolegal.com
        ALEXANDRA C. HAYES
        F.B.: 109482
        ach@marrerolegal.com

Case 1:17-cv-24146-KMW   Document 37   Entered on FLSD Docket 10/05/2018   Page 17 of 17

*Conrad v. The District Board of Trustees of Miami Dade College, Florida*
*District Court Case No.: 1:17-cv-24146-KMW*
*Page 17*

**SERVICE LIST**

**G. Ware Cornell, Jr., Esq.**
**CORNELL & ASSOCIATES, P.A.**
**2645 Executive Park Drive**
**Weston, FL 33331**
**(954) 618-1041**
**(954) 944-1969 (fax)**
**ware@warecornell.com**
*Attorneys for Plaintiff*