UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-cv-24146-KMW

RUTH CONRAD,

    Plaintiff,

vs.

THE DISTRICT BOARD OF TRUSTEES OF
MIAMI-DADE COLLEGE, FLORIDA,

    Defendant.
_____/

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT

Defendant, THE DISTRICT BOARD OF TRUSTEES OF MIAMI DADE COLLEGE, FLORIDA ("MDC" or "the College"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 56 and Southern District of Florida Local Rule 56.1, hereby files this Reply Memorandum of Law in Support of Summary Judgment, stating:

Absent from the record including the Plaintiff's Oppositional Statement to Defendant's Statement of Material Facts ("Oppositional Statement") and Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment ("Response") is any evidence of *animus* whatsoever based on national origin or age discrimination. Like this Court stated recently: "[s]ummary judgment for a defendant is appropriate when the plaintiff 'fails to make a sufficient showing to establish the existence of an element essential to [her] case, and on which [she] will bear the burden at trial." *Siddiqui v. NetJets Aviation, Inc.*, 2018 WL 3541854 at *7 (S.D. Fla. 2018) *citing Cleveland v. Policy Mgmt. Sys. Corp.,* 526 U.S. 795, 805-06 (1999). Therefore, "[i]f the non-movant ... fails to adduce evidence which would be sufficient ... to support a jury finding for the non-movant, summary judgment may be granted." *Id. citing Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1370 (11th Cir. 1997). Here, the reason for the employment action taken against Plaintiff cannot be adduced to her being born in the Dominican Republic or because she was 54 years old.

Case 1:17-cv-24146-KMW   Document 50   Entered on FLSD Docket 11/12/2018   Page 2 of 11

*Conrad v. The District Board of Trustees of Miami Dade College, Florida*
District Court Case No.: 1:17-cv-24146-KMW
Page **2** of **11**

Plaintiff has wholly failed to rebut MDC's legitimate reasons for not issuing a new annual contract to Ms. Conrad after the uncontroverted insubordinate conduct she displayed on various occasions the very same semester the decision was made. Plaintiff has not presented sufficient evidence to show the proffered non-discriminatory reasons were pre-textual or even rise to an issue of material fact assuming a prima facie case was met. "[C]onclusory allegations of discrimination, without more, are not sufficient to raise an inference of discrimination where [an employer] has offered ... extensive evidence of legitimate, non-discriminatory reasons for its actions." *Connor v. Bell Microproducts-Future Tech, Inc.*, 2011 WL 13175626, at *5 (S.D. Fla. Dec. 20, 2011), *aff'd,* 492 Fed. Appx. 963 (11th Cir. 2012). The Oppositional Statement and Response are procedurally and substantively deficient to withstand summary judgment.

**I.     S.D. Fla. Local Rule 56.1 Requires Summary Judgment be Granted**

As a threshold matter, it appears Plaintiff has now, once again from the time she filed her EEOC charge, narrowed her claim of discrimination by abandoning various alleged adverse employment acts. Unlike Plaintiff's deposition testimony and Amended Complaint which included purportedly being paid less, provided less resources, was required to work more and had more oversight than other faculty members, Plaintiff's Response only addressed the "non-renewal" in response to MDC's Motion for Summary Judgment. *See* D.E. #11 at ¶¶13-14; *see generally* D.E. #46-1; D.E. #47. Moreover, while the Oppositional Statement does address paragraph-by-paragraph the Defendant's Statement of Undisputed Material Facts, Conrad admits to most facts (D.E. #46-1 at ¶¶1-4; 6-15; 17; 24-26)[1]; cannot admit or deny the facts (D.E. #46-1 at ¶23); or, claims that the facts are not material citing a case (¶¶5; 27-35). As such, where it is not properly denied by any record citation, MDC's facts should be deemed admitted where appropriate.

In context, this means that Plaintiff did not controvert the incidents in the Spring 2015 semester that ultimately serve as legitimate reasons for the non-renewal. These facts included the point dispute by Plaintiff after she agreed to the four (4) point allotment and declined the

---

[1] Plaintiff "admitted" Paragraphs 4-15 and added explanations to the same numbered paragraphs. D.E. #46-1.

Case 1:17-cv-24146-KMW Document 50 Entered on FLSD Docket 11/12/2018 Page 3 of 11

*Conrad v. The District Board of Trustees of Miami Dade College, Florida*
District Court Case No.: 1:17-cv-24146-KMW
Page **3** of **11**

opportunity to have the administration hire adjuncts to teach the courses.[2] She admitted to objecting to the evaluation and criticism involved in the classroom observation. Plaintiff did not controvert that she missed the Advisory Committee Meeting, or that she failed to follow the protocol on obtaining food order approvals or that she had to change the date to have the Campus President in attendance. Finally, Conrad did not dispute her failure to timely submit the override card, obtain a new signed card to reflect the accurate date and disregarded her supervisor's directive.

Various sister courts from the Southern District of Florida have granted summary judgment by virtue of Local Rule 56.1(b) and a plaintiff's failure to controvert the Statement of Undisputed Facts. *See Joseph v. Napolitano*, 839 F. Supp. 2d 1324, 1329-30 (S.D. Fla. 2012) *citing Centennial Bank v. Noah Group, LLC,* 755 F. Supp. 2d 1256, 1258 n. 2 (S.D. Fla. 2010); *Gossard v. JP Morgan Chase & Co.,* 612 F. Supp. 2d 1242, 1245–46 (S.D. Fla. 2009) (deeming facts in the defendant's summary judgment motion admitted and noting Plaintiff's failure to "frame the factual issues that are in dispute and allow the Court to resolve this matter more easily"). Plaintiff's violation of Local Rule 56.1(b), requires this Court to deem the facts as admitted and grant summary judgment.[3] These undisputed facts establish legitimate nondiscriminatory reasons for the decision to not renew her contract.

**II.    No Circumstantial Evidence Exists to Preclude Summary Judgment on Plaintiff's Non-Renewal**

    **A.    Alleged Evasive Reasons Provided to Union do not Establish Pretext**

As previously mentioned, the Response abandons various assertions of discrimination from Conrad's testimony and disregards several legal arguments made by MDC. Instead, Plaintiff hangs her proverbial hat on *Smith v. Lockheed-Martin Corp.,* 644 F.3d 1321 (11th Cir. 2011) for the proposition that the Plaintiff "survives summary judgment if she presents circumstantial evidence that creates a triable issue concerning discriminatory intent." *See* D.E.

---

[2] Notably, the Plaintiff's Response may have a typographical error, since her testimony and declaration both indicate she wanted the previous twelve (12) point allotment, not seven (7). Based on Chapman and Ploetz's testimony, four (4) points is was what could be allotted. The seven (7) points was a compromise among the parties.

[3] Since Plaintiff only denied the limited facts regarding the renewal decision and added a third-party's testimony into the record, these will be addressed specifically as not creating an issue of material fact that would preclude summary judgment. *See infra* at II.

Case 1:17-cv-24146-KMW Document 50 Entered on FLSD Docket 11/12/2018 Page 4 of 11

*Conrad v. The District Board of Trustees of Miami Dade College, Florida*
District Court Case No.: 1:17-cv-24146-KMW
Page **4** of **11**

#47 at p. 9, 16. However, like this Court once noted, "the facts of that case—pages long discussion of other incidents of systematic discrimination at the defendant's business, a notorious mass shooting in one matter and the efforts of a renowned television journalist to expose a decade of discrimination—make Smith's totality of the circumstances analysis inappropriate here." *Connor v. Bell Microproducts-Future Tech, Inc.*, 2011 WL 13175626, at *2 (S.D. Fla. 2011), *aff'd,* 492 Fed. Appx. 963 (11th Cir. 2012).

To avoid summary judgment on employment discrimination claims, the plaintiff must introduce significantly probative evidence that both the proffered reason for the adverse employment action is false and discrimination is the real reason for the action. *Brooks v. County Commission of Jefferson County, Alabama*, 446 F.3d 1160, 1163 (11th Cir. 2006). To do this, a plaintiff must "demonstrate[ ] such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Jackson v. State of Alabama State Tenure Commission*, 405 F.3d 1276,1289 (11th Cir. 2005). Thus, "[c]onclusory allegations of discrimination, without more, are not sufficient to raise an inference of pretext or intentional discrimination where [an employer] has offered ... extensive evidence of legitimate, non-discriminatory reasons for its actions." *Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996).

In light of the factual concessions made by Plaintiff regarding the point dispute after she agreed to the allotment and the semester started without having hired adjuncts for those classes; her objections to the performance evaluation; the missed advisory committee meeting that was not set up properly; and the untimely override card along with her refusal to follow an administrative directive, Plaintiff has not put forth any evidence of discrimination. *See* D.E. #36 at ¶¶4-15. Plaintiff centers the opposition to summary judgment on the testimony of union representative, Mercedes Medina. Plaintiff and Medina took a creative writing class together and got to know each other personally[4]. *See* D.E. #45-2 at p.8. Medina explained that when the union

---

[4] It should be noted that the union efforts to have Plaintiff's position renewed, were not in accordance with the CBA. D.E. #30-2 at p. It states: "Non-Applicability of Grievance Procedure: This grievance procedure cannot be used by UFMDC or any employee to dispute a decision by the College not to renew the contract of an employee on annual contract…" *Id.* at p. 58. Plaintiff tries to advance that there was some sort of internal policy violation to support her theory of pretext, but based on the CBA language that is not accurate since the union is not permitted to

tried to help Conrad after she received the notice of non-renewal, Campus President Vicente, Dean Ploetz, and Department Chairperson Chapman essentially gave Medina evasive responses which one could construe as the runaround.

In fact when Medina did receive a substantive response, the record reflects Associate Dean Vasquez-Hernandez: there were "communication style differences" and that "Conrad would not fit well in the program personality-wise." D.E. #47 at p.11. MDC administration was not required to provide any reason at all to Conrad or the union under the CBA. Regardless of the reasons provided or not provided at the time to a third-party, this case does not require a jury determination as Conrad has failed to produce any evidence suggesting that the employment action was on the account of her national origin or age. On this record, a reasonable jury could not conclude that Conrad was not-renewed because she was born in the Dominican Republic and 54 years of age.

Given the well-settled case law, summary judgment must still be granted even when the reasons are either "shifting" or "inconsistent", as Plaintiff puts it. *See* D.E. #47 at p.13. *See e.g., Flowers v. Troup County Georgia School District*, 803 F.3d 1327, 1339 (11th Cir. 2015)(affirming summary judgment where a "bald-faced lie" could have been the explanation for termination did not constitute pre-text); *Vira v. Crowley Liner Services, Inc.*, 723 Fed. Appx. 888, 895 (11th Cir. 2018)(affirming summary judgment when employer provided "shifting reasons" for termination including that it was financial then suggesting that another person was wanted for the position despite the employee's good performance did not establish pre-text for age discrimination); *Davis v. City of Lake City*, 553 Fed. Appx. 881 (11th Cir. 2014)(affirming summary judgment despite the proffered inconsistent reasons for the employee's discharge finding that the variations of the explanations show that plaintiff failed to "fit into" the management vision of the new sheriff in town); *Horn v. United Parcel Services, Inc.* 433 Fed. Appx. 788 (11th Cir. 2011)(affirming summary judgment in age discrimination case where inconsistent testimony was not sufficient to create a genuine issue of material fact); *Tidwell v. Carter Products*, 135 F.3d 1422, 1427-1428 (11th Cir. 1998)(holding that the evidence of

---

challenge the decision on non-renewals of annual contracts. Importantly, any purported deviations from company policy do not automatically raise an inference of discrimination or pretext. *Mitchell v. USBI Co.*, 186 F.3d 1352, 1355 (11th Cir. 1999). The plaintiff must show that the policy was violated *because of* the plaintiff's protected status, which she has failed to do. *Id.* at 1356.

Case 1:17-cv-24146-KMW Document 50 Entered on FLSD Docket 11/12/2018 Page 6 of 11

*Conrad v. The District Board of Trustees of Miami Dade College, Florida*
District Court Case No.: 1:17-cv-24146-KMW
Page **6** of **11**

inconsistent and undisclosed reasons for terminating employee in age discrimination case was insufficient for submission to the jury).

While Plaintiff claims that MDC offered differing explanations for its decision, its reasons were not inconsistent or undisclosed. *See Landolfi v. City of Melbourne*, 515 Fed. Appx. 832 (11th Cir. 2013)(finding that employee had not established reason to infer discrimination on the fire department's asserted reasons as pretext and affirmed summary judgment) *citing Zaben v. Air Prod & Chemicals, Inc.*, 129 F. 3d 1454, 1458-59 (11th Cir. 1997). The decision to not issue a new annual contract to Conrad, as briefed, was based on the insubordinate acts that took place in the Spring Semester leaving the administration with an impression that she was "uncoachable" as a faculty member. While each specific incident was not addressed with Mercedes Medina, it was relayed that there were communication issues and Plaintiff did not seem like a good fit. The variation on the explanation is reconcilable and even if it is not, the record as a whole warrants summary judgment.

> **B.     No Evidence to Controvert Dean Ploetz's Lack of Discriminatory Animus as the Decision Maker**

Plaintiff spent a considerable amount of time disparaging the testimony of Dean Ploetz as the decision-maker without actually controverting that the Dean had the authority to make the employment decision. It is obvious that the Response's focus on the Dean's affidavit[5] is because Plaintiff did not attribute any discriminatory act to the Dean. The undisputed fact that Plaintiff had no issues with Dean Ploetz is fatal to her claims when she decided alongside the Campus President to not renew her contract. *See* D.E. #36 at ¶28-29. Absent any evidence that Dean Ploetz discriminated Conrad for originating from the Dominican Republic or because Conrad was six (6) years older than her, Dean Ploetz's decision should not be second-guessed. *Flowers*, 803 F. 3d at 1338. The Eleventh Circuit has repeatedly and emphatically held employers may

---

[5] Dr. Ploetz's affidavit is sworn testimony that must be considered under S.D. Fla. Local Rule 56.1. Plaintiff was on notice of the Dean being the decision-maker of the non-renewal with final authority granted to the Campus President when MDC served its Answers to Interrogatories months prior to the summary judgment deadline. Both Vasquez Hernandez and Chapman testified it was not within their authority to make the decision on the renewal. MDC should not be prejudiced since Plaintiff elected not to depose Dean Ploetz as a witness and proceeded with the affidavit.

Case 1:17-cv-24146-KMW Document 50 Entered on FLSD Docket 11/12/2018 Page 7 of 11

*Conrad v. The District Board of Trustees of Miami Dade College, Florida*
District Court Case No.: 1:17-cv-24146-KMW
Page **7** of **11**

terminate an employee for a good or bad reason without violating federal law. *Damon v. Fleming Supermarkets of Fla. Inc.*, `96 F.3d 1354, 1361 (11th Cir. 1999).

To support that Dean Ploetz was the decision-maker of the non-renewal, Plaintiff's own oppositional filings to the summary judgment demonstrate this. *See* D.E. #44-7. In the email dated May 18, 2015, the Dean wrote to Conrad to attend an "informational meeting". *Id.* This was the meeting where Conrad was going to be advised of the non-renewal, but Plaintiff failed to appear after she was told "union representatives will not be invited to attend" by the Dean. *Id.* Similarly, to now claim that the Dean was "actually ignorant of the reasons for the non-renewal" at the time seems nonsensical in light of the documentation and record. *See* D.E. #47 at p.9. The Dean in consultation with the Campus President, not the Chairperson involved in the faculty dispute, had the authority to agree to a compromise regarding Conrad's points in early February. *See* D.E. #36 at ¶6. After Conrad did not want to accept her Faculty Performance Review, it was the Dean who advised Conrad directly about being able to submit an addendum. *Id.*at ¶9. Prior to the actual date of the Advisory Committee Meeting that Conrad was supposed to convene and later missed, the Dean was aware that Plaintiff failed to follow the protocol because Conrad did not check anyone's calendar and it had to be reset. *Id.* at ¶13. Finally, as a breaking point, the untimely and altered override card was relayed and provided to the Dean by the Chairperson. *Id.* at ¶¶ 14-15. These facts substantiate the Dean's personal knowledge and participation of the events that transpired immediately preceding the decision to not renew Plaintiff's annual contract. Without any evidence to the contrary, Plaintiff's claims of discrimination fail as a matter of law.

### III. Plaintiff's *Prima Facie* Case was not Established

Plaintiff gives a threadbare response to the summary judgment legal arguments regarding the lack of a *prima facie* case. D.E. #47 at p. 2-4. The appropriate Eleventh Circuit standards for age and national origin discrimination were not referenced. *Simionescu v. Bd. of Trustees of Univ. of Alabama*, 482 Fed. Appx. 428, 431 (11th Cir. 2012) (citing *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999)). "The comparator must be nearly identical to the plaintiff to prevent the courts from second-guessing a reasonable decision by the employer." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004); *Holifield v. Reno*, 115 F.3d 1555, 1563 (11th Cir. 1997); *Wooten v. Bd. of Trustees, Fla. A & M Univ.*, 426 F. Supp. 2d 1261, 1264–65 (N.D. Fla. 2006); *Gaston v. Home Depot USA, Inc.*, 129 F. Supp. 2d 1355 (S.D. Fla. 2001) *aff'd*

Case 1:17-cv-24146-KMW   Document 50   Entered on FLSD Docket 11/12/2018   Page 8 of 11

*Conrad v. The District Board of Trustees of Miami Dade College, Florida*
District Court Case No.: 1:17-cv-24146-KMW
Page **8** of **11**

*sub nom.* An important fact that was not addressed in the Response is that no other annual contract faculty member from another place of origin or that was substantially younger engaged in insubordinate conduct or seemed uncoachable received a renewal contract. Plaintiff completely failed to produce any evidence to the contrary. Since no alleged comparator similarly situated in all relevant aspects existed and was given an annual contract renewal, the *prima facie* case fails.

Simply showing that Plaintiff was replaced by someone outside her protected class is insufficient. *Hale v. Mingledorff*, 2014 WL 7012772, at *13, n. 12 (N.D. Ga. 2014); *Eason v. Evans County Bd. of Com'rs*, 2013 WL 5674497, at *3 (S.D. Ga. 2013); *Gonzalez v. State of Florida Dep't of Mgmt. Services*, 124 F. Supp. 3d 1317, 1332 (S.D. Fla. 2015) *aff'd* 683 Fd. Appx. 738 (11th Cir. 2017). A similarly situated employee must be responsible for similar job duties as well as engage in the same or substantially similar misconduct. *see also Holifield*, 115 F.3d at 1563; *Blow v. Virginia College*, 619 Fed.Appx. 859, 862 (11th Cir. 2015)(affirming summary judgment because plaintiff's proffered comparators were not accused of the same or similar conduct as plaintiff).

Moreover, the Response incorrectly references MDC's Statement of Facts asserting that Conrad's classes were reassigned. Plaintiff's course load and faculty duties were not completely assumed by the faculty. Even though it is slight, the implication of Plaintiff's argument is that all of her classes were reassigned and therefore, the redistribution of work to other employees allows her to meet her *prima facie* burden. The problem with this assertion is that MDC could not reassign all of the courses Conrad taught, but only "some" classes immediately following the non-renewal for the academic year of 2015-2016. *See* D.E. #36 at ¶22. It was not until a year later for the 2016-2017 academic year, that all of the Human Services and Addiction studies courses were assigned to a new faculty member, Dr. Hastie, who had experience in that field. *Id.* at ¶23. Since such an extended period of time passed before Conrad's teaching assignments were all taught, then the *prima facie* claim fails. *Howard v. Roadway Exp., Inc*, 726 F.2d 1529, 1535 (11th Cir. 1984)(finding eleven months "significantly diminished the reliability" of the replacement as proof of the employer's discriminatory intent). And, while Plaintiff points to MDC's footnotes regarding the national origin of some faculty members, they were also foreigners from: Uzbekistan, Cuba, and Haiti. *See* D.E. #36 at ¶22, fn.7-8. The Eleventh Circuit has specifically stated that when the alleged comparator is also foreign, it "hardly supports a

Case 1:17-cv-24146-KMW Document 50 Entered on FLSD Docket 11/12/2018 Page 9 of 11

*Conrad v. The District Board of Trustees of Miami Dade College, Florida*
District Court Case No.: 1:17-cv-24146-KMW
Page **9** of **11**

conclusion that [the employer] acted out of animus toward foreigners". *Yili Tseng v. Florida A&M Univ.*, 380 Fed. Appx. 908, 909-10 (11th Cir. 2010).

Summary judgment is appropriate under the circumstances since there is no valid comparator identified by Plaintiff and her position teaching all of the human services courses or other faculty duties like serving on committees could not redistributed. *See Burke-Fowler v. Orange County, Fla.,* 447 F.3d 1319, 1325 (11th Cir. 2006) (affirming the district court's grant of summary judgment because plaintiff failed to establish valid comparators and presented no other circumstantial evidence suggesting discrimination); *see also Ostrow v. Globecast America Incorporated*, 489 Fed.Appx. 433 (11th Cir. 2012).

Entirely ignored by Plaintiff is that a *prima facie* case of age discrimination requires proof of "but-for" causation. *Gross v. FBL Fin. Services, Inc.,* 557 U.S. 167, 175-176 (2009); *Cardelle v. Miami Beach Fraternal Order of Police*, 593 Fed. Appx. 898, 902 (11th Cir. 2014). Plaintiff had to come forth with a genuine dispute of material fact that age—not age and other motives—was the only impetus behind the adverse employment decision. *Gross,* 557 U.S. 167, 175, 129 S.Ct. 2343 (2009) (finding that the ADEA does not authorize mixed-motives age discrimination claims). This case falls short of meeting this "but-for" causation standard for age discrimination. The record is devoid of any remark or comment about Plaintiff's age. Plaintiff's reliance on Chairperson Chapman's opinion[6] of Conrad and the decision to not renew her contract is also unavailing under the law. *See United States ex rel. Aquino v. Univ. of Miami*, 2018 WL 3814517, at *7 (S.D. Fla. Aug. 10, 2018). Such reliance is misplaced because the Eleventh Circuit has concluded that a cat's paw theory is not appropriate in cases involving statutory provisions requiring "but-for" causation. *Id.* citing *Sims v. MVM, Inc.*, 704 F.3d 1327, 1335-36 (11th Cir. 2013) (finding that "cat's paw" theory did not apply to age discrimination in Employment Act retaliation claims "[b]ecause the ADEA requires a but-for link between the discriminatory animus and the adverse employment action as opposed to showing that the animus was a motivating factor"). Even in the light most favorable to Plaintiff, assuming

---

[6] Chapman's Faculty Performance Review giving Plaintiff a "commendable" rating occurred in February of the Spring 2015 Semester before she was unwilling to accept the constructive criticism from his classroom observation that gave rise to her addendum, the missed advisory committee meeting, and the untimely override card. *See* D.E. #36 at ¶¶8-15.

Case 1:17-cv-24146-KMW   Document 50   Entered on FLSD Docket 11/12/2018   Page 10 of 11

*Conrad v. The District Board of Trustees of Miami Dade College, Florida*
District Court Case No.: 1:17-cv-24146-KMW
Page **10** of **11**

Chairperson Chapman initially recommended her non-renewal to the Dean and Campus President, their uncontroverted authority to make the decision requires summary judgment.

## Conclusion

As a matter of law, summary judgment should be granted since there is no evidence to support Plaintiff's non-renewal was based on her national origin or because of her age. Plaintiff's discrimination claims are deficient since she did not meet her burden of establishing a prima facie case and the circumstantial evidence offered does not support pre-text for discrimination. MDC has provided undisputed legitimate non-discriminatory reasons for the decision to not award Plaintiff another annual contract as an instructor.

WHEREFORE, the Defendant, THE DISTRICT BOARD OF TRUSTEES OF MIAMI DADE COLLEGE, respectfully requests this Court grant its Motion for Summary Judgment and Memorandum of Law, and other relief deemed appropriate.

I hereby certify that on this 12th day of November, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

MARRERO & WYDLER
Counsel for Defendant, MDC
Douglas Centre, PH-4
2600 Douglas Road
Coral Gables, FL 33134
(305) 446-5528
(305) 446-0995 (fax)

BY ___/s/ Lourdes Espino Wydler_____
OSCAR E. MARRERO
F.B.N.: 372714
oem@marrerolegal.com
LOURDES ESPINO WYDLER
F.B.N.: 719811
lew@marrerolegal.com

*Conrad v. The District Board of Trustees of Miami Dade College, Florida*
District Court Case No.: 1:17-cv-24146-KMW
Page **11** of **11**

## SERVICE LIST

G. Ware Cornell, Jr., Esq.
CORNELL & ASSOCIATES, P.A.
2645 Executive Park Drive
Weston, FL 33331
(954) 618-1041
(954) 944-1969 (fax)
ware@warecornell.com
*Attorneys for Plaintiff*